IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RICARDO ALVARADO, )<br>)<br>Defendant. ) | No. 3:20-CR-114-KAC-JEM |

**MEMORANDUM AND OPINION**

This case is before the undersigned on the Motion to Appoint Counsel [Doc. 95] and Motion to Declare Defendant Indigent for Appeal [Doc. 98], which were referred to the undersigned for disposition or recommendation on June 15 [Doc. 97] and June 24 [Doc. 99], 2022. Attorney A. Philip Lomonaco, who represented Defendant through sentencing, asks the Court to appoint new counsel to represent Defendant Ricardo Alvarado on his direct appeal "from the trial and sentencing in this case." He states that Defendant asked the Clerk of Court to file a notice of appeal on his behalf and that an appellate case was opened for Defendant. Mr. Lomonaco, who was retained to represent Defendant in this Court, filed a financial affidavit [Doc. 96], which was prepared and signed by Defendant, in support of the motion for appointment of counsel on appeal. On June 21, 2022, Mr. Lomonaco moved the Court to find that Defendant is indigent so that an attorney may be appointed to represent him on appeal [Doc. 98]. In this filing, Mr. Lomonaco states that he and Defendant previously agreed that his representation of Defendant was limited to representation in this Court and did not include representing him on appeal.

Rule 24 (a)(1) of the Rules of Appellate Procedure requires that parties seeking to proceed *in forma pauperis* to file a motion in the district court with an attached affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Sixth Circuit's rules further provide that "[i]f a convicted defendant did not qualify to proceed in forma pauperis in the district court but appears to qualify on appeal, trial counsel must see that the defendant completes CJA Form 23 (for an incarcerated defendant) or Fed. R. App. P. Form 4 (for a defendant not incarcerated) and files it in the district court." 6 Cir. R. 24. On May 27, 2022, the case manager for Defendant's case on appeal sent a letter to Mr. Lomonaco, which was docketed in this case, explaining that:

> Even if the defendant filed the notice of appeal, Sixth Circuit Rule 12(c)(1) requires that counsel continue representation on appeal until specifically relieved by *this Court*. If a convicted defendant did not qualify to proceed in forma pauperis in the district court but appears to qualify on appeal, Sixth Circuit Rule 24 requires that "trial counsel must see that the defendant completes CJA Form 23 (for an incarcerated defendant) or Fed. R. App. P. Form 4 (for a defendant not incarcerated) and files it in the district court." Counsel's failure to act in this situation may result in adverse action from this court.

[Doc. 92 (emphasis supplied)].

Defendant has provided a CJA-23 financial affidavit, which establishes his indigency and inability to pay his fees and costs [Doc. 96]. Additionally, Defendant's notice of appeal claims an entitlement to redress, i.e., that he is bringing a direct appeal from his final Judgment [Doc. 89] in this case [Doc. 91]. While Defendant's notice of his direct appeal does not state the issues Defendant intends to raise on appeal, Mr. Lomonaco's motion indicates that Defendant intends to

appeal his conviction and sentence [Doc. 95].[1] The Court therefore finds that Defendant meets the requirements of Rule 24(a)(1).

For these reasons, Defendant's Motion to Declare Defendant Indigent for Appeal [**Doc. 98**] is **GRANTED**, and Defendant is permitted to proceed on appeal without payment of costs or fees.[2] Fed. R. App. P. 24(a)(2). The Court also finds that Defendant qualifies for court-appointed counsel on appeal. The Court, however, does not relieve Mr. Lomonaco of his representation at this time, nor does this Court appoint appellate counsel. As explained in the May 27 letter, those matters will be addressed by the Sixth Circuit. Accordingly, Mr. Lomonaco's Motion to Appoint Counsel [**Doc. 95**] on appeal is **DENIED**, and Mr. Lomonaco is **DIRECTED** to seek substitution of counsel in the appellate court.

**IT IS SO ORDERED.**

ENTER:

_Jill E. McCook_
Jill E. McCook
United States Magistrate Judge

---

[1] Rule 24(a)(3) requires the Court to assess the merits of the appeal. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (observing that "[a]fter this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal"). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To show the appeal is taken in good faith, the "appellant must show that the appeal presents a substantial question that is not frivolous." *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). Based upon its review, the Court does not find that the appeal is "not taken in good faith."

[2] A magistrate judge may grant a motion to proceed *in forma pauperis*, but "[i]f the decision is to deny, . . . the magistrate [judge] must make such recommendation to the district judge who will then take the final action." *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam).