# United States Department of Justice

United States Attorney
Eastern District of Tennessee

Headquarters: 800 Market Street, Suite 211
Knoxville, Tennessee 37902
865.545.4167
www.usdoj.gov/usao/tne

| | |
|---|---|
| 1110 Market Street, Suite 515<br>Chattanooga, Tennessee 37402<br>423.752.5140 | 220 West Depot Street, Suite 423<br>Greeneville, Tennessee 37743<br>423.639.6759 |

November 22, 2023

Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202

      Re:    *United States v. Ricardo Alvarado*, Case No. 22-5459

Dear Ms. Stephens:

      Under Federal Rule of Appellate Procedure 28(j), I write to alert the Court to additional pertinent and significant authorities.

      This Court recently considered whether the Second Amendment barred convictions under 18 U.S.C. §§ 922(j) and (k), in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *United States v. Ramadan*, No. 22-1243, 2023 WL 6634293, at *1-2 (6th Cir. Oct. 12, 2023). Those convictions were not plainly erroneous, the Court held, explaining among other things that "a circuit split … bars a finding of plain error because the split is good evidence that the issue is subject to reasonable dispute." *Id.* at *3 (quotation marks omitted).

      As relevant here, the circuits are split on whether the Second Amendment allows Congress to disarm felons under § 922(g)(1). The Fifth, Seventh, and Eighth Circuits have rejected claims that § 922(g)(1) is unconstitutional; the Third Circuit has held to the contrary. (*See* United States' Brief at 22-23.) That split recently grew more one-sided, when the Tenth Circuit rejected a constitutional challenge to § 922(g)(1). *Vincent v. Garland*, 80 F.4th 1197, 1199-1202 (10th Cir. 2023). The Tenth Circuit concluded that "*Bruen* created a new test for determining the scope of the Second Amendment," but that "the [Supreme] Court didn't appear to question the

*United States v. Ricardo Alvarado*, Case No. 22-5459
Rule 28(j) Letter, page 2

constitutionality of longstanding prohibitions on possession of firearms by convicted felons." *Id.* at 1201. "If anything," the Tenth Circuit explained, "*Bruen* contains two potential signs of support for these prohibitions"—first, *Bruen*'s concurring and dissenting opinions, which stated that *Bruen* cast no doubt on those prohibitions; and second, *Bruen*'s approval of "shall-issue" licensing regimes that "requir[e] criminal background checks before applicants c[an] get gun permits." *Id.*

As *Vincent* demonstrates, the circuits are split on the issue that Alvarado raises—*i.e.*, whether § 922(g)(1) remains constitutional following the Supreme Court's decision in *Bruen*. And as *Ramadan* explains, that split bars a finding of plain error.

Respectfully submitted,

Francis M. Hamilton III
United States Attorney

By:  *s/Samuel R. Fitzpatrick*
Samuel R. Fitzpatrick
Assistant United States Attorney

cc:  Colter L. Paulson,
Nathan L. Colvin,
Tess A. Chaffee, and
Patrick Maney,
counsel for Ricardo Alvarado